IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA CLEVENGER, | Civil Action No. 3:25-cv-80 |
| Plaintiff, | |
| v. | |
| URSINA BOROUGH and J. MICHAEL BASINGER, | JURY TRIAL DEMANDED |
| Defendants. | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, JOSHUA CLEVENGER, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action averring as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of various civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating the Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and 1343(3).

4. Venue is proper as all claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff is located in the Western District of Pennsylvania.

## PARTIES

5. Plaintiff, Joshua Clevenger, is an adult individual and resident of Somerset County, Pennsylvania.

6. Defendant, Ursina Borough ("Borough"), is a Pennsylvania municipal corporation with administrative offices located at 418 Park Street, Confluence, Pennsylvania 15424. At all times relevant to this Complaint, Defendant Borough acted by and through its officials, including, but not limited to, Defendant J. Michael Basinger.

7. Defendant, J. Michael Basinger ("Basinger"), is an adult individual and resident of Somerset County, Pennsylvania. At all times relevant to this Complaint, Defendant Basinger was the duly elected council president of Defendant Borough, purporting to act within the full scope and authority of his office. In his capacity as council president, Defendant Basinger purported to act as a decision-maker for Defendant Borough.

8. The actions of Defendants described herein are part of an unlawful pattern and course of conduct intended to harm the Plaintiff. All of the acts described below were committed by Defendants with reckless disregard and/or deliberate indifference to the constitutional rights of the Plaintiff, and they were done under the color and pretense of the law. As a direct and proximate result thereof, Defendants violated the Plaintiff's constitutional rights, as described herein.

## FACTUAL ALLEGATIONS

9. Defendant Basinger is Plaintiff's cousin and a resident of Defendant Borough.

10. For several years, Defendant Basinger has made hateful, prejudicial and intolerant comments about the Plaintiff's sexual orientation to several members of Plaintiff's community in Defendant Borough.

11. On at least one (1) occasion, Defendant Basinger has also physically assaulted the Plaintiff because of the Plaintiff's sexual orientation.

12. Plaintiff is a resident of Defendant Borough and resides at 3149 Jersey Hollow Road, Confluence, Pennsylvania 15424 (hereinafter referred to as the Plaintiff's property).

13. Plaintiff's mother, Goldie Elaine Clevenger, was the owner of the Plaintiff's property prior to her death in 2021.

14. In 2015, Defendant Borough installed a public sanitary sewer system and notified its property owners, including the Plaintiff's mother, to connect to that public sanitary sewer system.

15. At that time, Defendant Basinger, acting as a private contractor on behalf of Defendant Borough, tapped the sewer line on Plaintiff's property, which included a sewer line from the garage to the house on the property, to Defendant Borough's sewer system.

16. Notably, the sewer lines on the Plaintiff's property were installed in or about 1999, at the time that the garage was built on the property.

17. Defendant Basinger also completed paperwork verifying that Defendant Borough inspected and approved the sewer lines on the Plaintiff's property, which included the sewer line from the garage to the house on the property.

18. In or about January of 2021, Defendant Basinger became Defendant Borough's council president.

19. The Plaintiff's mother, Goldie Elaine Clevenger, passed away on June 10, 2021. The Plaintiff is the executor of his mother's will and the sole beneficiary of her estate, which includes the Plaintiff's property.

20.     Following the death of the Plaintiff's mother, Defendant Basinger continued to make hateful, prejudicial and intolerant comments about the Plaintiff's sexual orientation to several members of the community.

21.     Thereafter, in a letter dated October 12, 2023, the Plaintiff received a notice from Defendant Borough alleging that the Plaintiff's property was not approved for a sewer tap for the sewer line to the garage on Plaintiff's property. Defendant Borough demanded that the sewer line from the garage to the house be removed and capped.

22.     However, as stated hereinbefore above, Defendant Basinger tapped the sewer line on that property several years prior, Defendant Borough inspected and approved the sewer line, and Defendants Borough and Basigner had knowledge of the sewer lines on the property at that time through its aforementioned inspection and approval of the sewer line in 2015.

23.     Furthermore, there were no modifications to the sewer line on the property after Defendant Borough inspected the sewer line and Defendant Basinger tapped the sewer line in 2015, as described hereinbefore above.

24.     Plaintiff believes, and therefore avers, that similarly situated residents of Defendant Borough have the same type of sewer lines on their properties as the sewer lines on the Plaintiff's property, *i.e.,* sewer lines running from accessory buildings to principal residences.

25.     By way of example, Plaintiff believes, and therefore avers, that Defendant Basinger's property in Defendant Borough also has a sewer line from the garage to the house.

26.     Plaintiff believes, and therefore avers, that Defendants Borough and/or Basinger did not falsely allege that Defendant Basinger and/or other similarly situated property owners' sewer lines were not approved. No rational basis exists for this difference in treatment.

27.     On November 14, 2023, Defendant Basinger, on behalf of Defendant Borough, came to the Plaintiff's property and disconnected the Plaintiff's sewer line from Defendant Borough's sewer system and capped the sewer line, without a court order.

28.     Plaintiff believes, and therefore avers, that Defendants Borough and/or Basinger did not force similarly situated residents with the same type of sewer lines, including, but not limited to, Defendant Basinger, to disconnect and cap the sewer lines on their properties for allegedly not being approved by Defendant Borough.  No rational basis exists for this difference in treatment.

29.     Plaintiff believes, and therefore avers, that Defendant Basinger acted on behalf of Defendant Borough as council president and made the decision to force the Plaintiff to disconnect and cap the sewer line on the Plaintiff's property because of his animosity toward the Plaintiff's sexuality.

30.     The sewer line on the Plaintiff's property remained disconnected from Defendant Borough's sewer system and Plaintiff was without sewage service on his property for over one (1) year.

31.     Despite Plaintiff's sewer line being disconnected from Defendant Borough's sewer system, Defendant Borough continued to bill the Plaintiff for sewage services.

32.     In a letter dated November 26, 2024, Plaintiff received a bill from Defendant Borough for $680.00 for the Plaintiff's past due sewage balance from November of 2023 to November of 2024.  However, Plaintiff's sewage lines had been disconnected from Defendant Borough's system during that time.

33.     Plaintiff believes, and therefore avers, that Defendants Borough does not bill similarly situated residents for utilities that are not in use, i.e. sewage services.  No rational basis exists for this difference in treatment.

34.     Plaintiff believes, and therefore avers, that Defendant Basinger acted on behalf of Defendant Borough as council president and made the decision to bill the Plaintiff for sewage services, while the Plaintiff's sewage was disconnected, based on his animosity toward the Plaintiff's sexuality.

35.     On or about December 2, 2024, Honorable Daniel W. Rullo ordered Defendant Borough to reconnect the sewage lines on the Plaintiff's property to the public sewage system, including the sewage line to the garage.

36.     Thereafter, Defendant Borough failed to reconnect Plaintiff's sewage lines for approximately two (2) weeks.

37.     As a result, Plaintiff filed a Pro Se Motion to Enforce the Prior Order of Court to order Defendant Borough to reconnect his sewage lines.

38.     Thereafter, Defendants reconnected the Plaintiff's sewer lines, including the line to the Plaintiff's garage, to the Defendant's public sewer system.

39.     The aforementioned actions of the Defendants caused the Plaintiff to be without sewage service at his property for over one (1) year, which caused the Plaintiff additional damages, including emotional distress.

COUNT I:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

<u>EQUAL PROTECTION – CLASS OF ONE</u>

40.     Plaintiff incorporates by reference Paragraphs 1 through 39 as though fully set forth a length herein.

41.  As more fully described hereinbefore above, Defendants Borough and/or Basinger demanded that the Plaintiff cap and remove his sewer line to the garage on his property.

42.  As more fully described hereinbefore above, Defendants Borough and Basinger disconnected the Plaintiff's sewer line from Defendant Borough's sewer system.

43.  On November 14, 2023, Defendant Basinger, on behalf of Defendant Borough, came to the Plaintiff's property and disconnected the Plaintiff's sewer line from Defendant Borough's sewer system.

44.  Plaintiff believes, and therefore avers, that Defendants Borough and/or Basinger did not force similarly situated residents with the same type of sewer lines to disconnect and cap their sewer lines for allegedly not being approved by Defendant Borough, as described hereinbefore above.  No rational basis exists for this difference in treatment.

45.  As described hereinbefore above, Plaintiff believes, and therefore avers, that Defendants Borough and/or Basinger did not disconnect the sewer lines similarly situated residents with sewer lines from the main residence to an accessory building for allegedly not being approved by Defendant Borough.  No rational basis exists for this difference in treatment.

46.  Plaintiff believes, and therefore avers, that Defendant Basinger acted on behalf of Defendant Borough as council president and made the decision to force Plaintiff to disconnect and cap the sewer line on his property based on his animosity toward the Plaintiff's sexuality.

47.  In his capacity as council president, Defendant Basinger purported to act as a decision-maker for Defendant Borough.

48.  The actions of Defendant Basinger were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendant Basinger to punitive damages.

49. As a direct and proximate result of the Defendant Basinger's actions Plaintiff suffered the following injuries and damages:

   a. violation of Plaintiff's constitutional rights under the Fourteenth Amendment to the Constitution of the United States to enjoy the equal protection of the law;

   b. economic damages for sewage costs while Plaintiff did not receive sewage services;

   c. Plaintiff's sewer lines were capped and disconnected from the sewer system, leaving the Plaintiff without sewage service on his property for over one (1) year;

   d. emotional distress; and

   e. other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants, and each of them, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Basinger; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
jsansone@joelsansonelaw.com
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194
412.249.9123 fax

Dated:  March 13, 2025