IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA CLEVENGER, | ) |
| | ) |
| *Plaintiff,* | ) No. 3:25-cv-00080 |
| | ) |
| v. | ) District Judge Stephanie L. Haines |
| | ) |
| URSINA BOOUGH and | ) |
| J. MICHAEL BASINGER, | ) |
| | ) |
| *Defendants.* | ) |

## MEMORANDUM OPINION

### A. Procedural History

Plaintiff Joshua Clevenger ("Plaintiff"), initially represented,[1] now *pro se*, filed this civil rights action on March 13, 2025 (ECF No. 1). Defendant Ursina Borough entered its appearance and filed a Motion to Dismiss (ECF No. 9), but Defendant J. Michael Basinger never entered an appearance though a summons was issued (ECF No. 12). After Plaintiff's counsel withdrew, Plaintiff was provided an extension to October 20, 2025, to obtain new counsel, the deadlines to respond to the Motion to Dismiss were stayed until that time (ECF No. 17). Plaintiff filed a Motion for Reconsideration (ECF No. 18) as to his attorney's withdraw. The Court denied the Motion for Reconsideration (ECF No. 19). Subsequently, on October 23, 2025, the Court ordered Plaintiff to respond to the Motion to Dismiss and issued an Order to Show Cause as to why Plaintiff had not completed service as to Defendant Basinger by the deadline of September 6, 2025 (ECF No. 21). Plaintiff was to respond to both orders by November 24, 2025. On November 25, 2025, the Court issued a final order to Show Cause as to why Plaintiff had not filed a responsive pleading to the Motion to Dismiss and noted the posture of inactivity of the case as to service. Plaintiff was

---

[1] Plaintiff's attorneys moved for withdrawal (ECF No. 16), which the Court granted (ECF No. 19).

1

directed to respond to the Court's Order by December 9, 2025, or risk dismissal for failure to prosecute. All orders were delivered to Plaintiff *via* U.S. Mail and no mail has been returned to the Court, therefore, the orders are presumed received by Plaintiff. As of today, there has been no correspondence to the Court from Plaintiff.

### B. Standard

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and, under this Rule, "a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, No. 15-3090, 642 F. App'x 100, 102 (3d Cir. 2016) (*per curiam*) (citing Fed. R. Civ. P. 41(b)); *see also Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b).")

The Third Circuit Court of Appeals has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'" *Qadr v. Overmyer*, No. 15-3090, 642 F. App'x 100 at 103 (quoting *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008)). Before engaging in a *sua sponte* dismissal, "the district court 'should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders.'" *Id.* (quoting *Briscoe*, 538 F.3d at 258).

In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted). In balancing the *Poulis* factors, no single factor is dispositive, nor do all factors need to be satisfied to result in dismissal of the complaint. *See Briscoe*, 538 F.3d at 263. However, in determining whether a dismissal is warranted, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019). The Third Circuit has emphasized that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court," and that they "must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 867-68, 869 (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). "Cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*, 923 F.3d at 132.

### C. Application of the *Poulis* Factors

#### 1. The extent of the party's personal responsibility.

"[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994). In determining personal responsibility for the delay, the Court must distinguish "between a party's responsibility for delay and counsel's responsibility." *Hildebrand*, 923 F.3d at 133 (citing *Poulis*, 747 F.2d at 868). A plaintiff is not conjecturally responsible for her counsel's delay. *See id.* Any doubt as to personal responsibility should be resolved "'in favor of reaching a decision on the merits.'" *Id.* at 138 (quoting *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)).

3

Though Plaintiff was initially represented, he is now proceeding *pro se*, so it is his responsibility to comply with orders. Thus, this factor weighs in favor of dismissal.

### 2. **Prejudice to the adversary.**

Prejudice to the adversary is a substantial factor in the *Poulis* analysis; but like any other factor, it is not dispositive. *See Hildebrand*, 923 F.3d. at 134. "Relevant examples of prejudice include 'the irretrievable loss of evidence[] [and] the inevitable dimming of witnesses' memories.'" *Id.* (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). A party is not required "to show 'irremediable' harm for [this factor] to weigh in favor of dismissal." *Id.* (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). If the opposition is unable to prepare "a full and complete trial strategy" then there is sufficient prejudice to favor dismissal. *Id.* (citation omitted).

Here, the ability to gather facts and documents to defend this case will diminish with the passage of time. Therefore, Defendants could suffer prejudice if the case were not to proceed in a timely manner. Thus, this factor weighs marginally in favor of dismissal.

### 3. **A history of dilatoriness.**

A history of dilatoriness is generally established by repeated "delay or delinquency." *Adams*, 29 F.3d at 874. While once or twice is normally insufficient, this factor weighs in favor of dismissal where the plaintiff has a history of repeated delay. *See Hildebrand*, 923 F.3d at 135 (citation omitted). In addition to repeated acts, "extensive" delay can also create a history of dilatoriness. *Adams*, 29 F.3d at 874. A "failure to prosecute" does not require that plaintiff take affirmative "steps to delay the trial … It is quite sufficient if [he/she] does nothing …. " *Id.* at 875 (citation omitted).

4

"While extensive delay may weigh in favor of dismissal, 'a party's problematic acts must be evaluated in light of its behavior over the life of the case.'" *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 875). Thus, where a plaintiff has not been previously delinquent the weight given to even a long delay should be mitigated. *See id.*

At this point Plaintiff has developed a history of dilatoriness. Though Plaintiff was provided with opportunity to retain new counsel, an extended opportunity to serve Defendant Basinger, and an extended opportunity to respond to the Motion to Dismiss, he has never acted nor corresponded with the Court as to why these actions could not take place. This is sufficient evidence, in the Court's view, to indicate that Plaintiff no longer desires to proceed with this action. Thus, this factor weighs in favor of dismissal.

### 4. Whether the party's conduct was willful or in bad faith.

In determining if plaintiff's conduct constituted willful or bad faith, the "court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as [a case history of] failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." *Id.* (citing *Scarborough*, 747 F.2d at 875 (citation omitted)). "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Although "[a] lengthy delay reflects 'inexcusable negligent behavior,' *id.* at 876, . . . that behavior alone does not rise to the level of willfulness or bad faith." *Hildebrand*, 923 F.3d at 135.

Finally, "[b]ecause the harsh sanction of dismissal should serve to deter bad faith or self-serving behavior, and because of our policy of favoring decisions on the merits, [in the absence of evidence] that the delay was not effectuated willfully or in bad faith, [this factor] should weigh against dismissal." *Id.* at 136.

There is no indication on this record that Plaintiff's failures to act were the result of any excusable neglect. Therefore, this factor weighs in favor of dismissal.

5. **Effectiveness of sanctions other than dismissal.**

A district court must thoroughly consider "alternative sanctions before dismissing a case with prejudice." *Id.* (citing *Briscoe*, 538 F.3d at 262). The court should also provide an analysis of effectiveness sufficient "to honor [the] longstanding tradition of favoring decisions on the merits." *Id.* In so doing, the court should be mindful that "[a]lternatives are particularly appropriate when the plaintiff has not personally contributed to the delinquency." *Poulis*, 747 F.2d at 866 (citations omitted). "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Hildebrand*, 923 F.3d at 136. They are not required to be "completely ameliorative." *Id.*

It is unlikely that any sanction imposing costs or fees upon Plaintiff would be effective or worthwhile. Therefore, the Court can see no sanction that would be appropriate other than dismissal.

6. **Meritoriousness of claim or defense.**

"The standard for determining whether a plaintiff's claims are meritorious 'is moderate.'" *Adams*, 29 F.3d at 876. The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not a summary judgment standard, is applicable in a *Poulis* analysis. *See id.* at 869-70.

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." (Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (citation omitted)]; *see also* Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 117-18, (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

Plaintiff's Complaint (ECF No. 1) claims his constitutional rights were violated under the Equal Protection Clause because Defendants Ursina Borough and Michael Basinger ("Defendants") treated him differently than others because of his sexual orientation. After a background of discriminatory derogatory remarks by Basinger, who is the elected Council President of Ursina Borough, Defendants notified Plaintiff that his property was not approved for a sewer tap for the sewer line to the garage of Plaintiff's property and demanded that the line from the garage to the house be capped. Plaintiff claims that others have similarly situated sewer lines and they were not required to cap their sewer lines. Plaintiff contends that there is no rational basis for the difference in treatment. Furthermore, Plaintiff asserts though his sewer line was disconnected from the Borough's sewer system, he continues to be billed by the Borough.

Defendant Ursina Borough filed a Motion to Dismiss (ECF No. 9) for lack of subject matter jurisdiction and states that Plaintiff's claims are all state issues improperly brought in Federal Court. It also states that the Complaint fails to state a claim upon which relief can be granted and the case lacks a genuine issue of material fact. Because of Plaintiff's early abandonment of the case, the Court is unable to determine whether there are any meritorious claims in his Complaint. As such, this factor is neutral.

Given that the majority of the *Poulis* factors weigh in favor of dismissal, the Court will dismiss this action for Plaintiff's failure to prosecute. An appropriate Order follows.

**ORDER**

AND NOW, this 16th day of December, 2025, IT IS HEREBY ORDERED that this case is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk is to mark this case as closed.

_____
Stephanie L. Haines
United States District Judge

cc: Joshua Clevenger
3149 Jersey Hollow Road
Confluence, PA 15424
PRO SE